**ADAMS OUTDOOR ADVERTISING OF ATLANTA, INC., Corey Advertising Incorporated and Outdoor Today, Inc., Plaintiffs,**

v.

**FULTON COUNTY, GEORGIA, Defendant.**

**No. 1:90–CV–191–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

May 24, 1990.

David H. Flint, Susan Holly Sarch, Schreeder, Wheeler & Flint, Atlanta, Ga., for plaintiffs.

Michael W. Tyler, Kilpatrick & Cody, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This case is before the court on: (1) plaintiffs' Motion for Summary Judgment; and (2) defendant's Cross Motion for Summary Judgment. The court GRANTS plaintiffs' Motion and DENIES defendant's Cross Motion.

## BACKGROUND

Plaintiffs are engaged in the outdoor advertising business in metropolitan Atlanta. They own off-premise signs, commonly known as billboards, located throughout the unincorporated areas of Fulton County and plan to erect more billboards there in the future. Plaintiffs' billboards are permanent structures situated on land owned or leased by plaintiffs. Plaintiffs lease their billboards for the display of commercial and noncommercial messages.

On December 6, 1989, defendant Fulton County amended its sign ordinance to prohibit all off-premise signs. The ordinance defines off-premise signs as those signs that advertise products, services or businesses not sold or offered on the premises where the sign is located. The ordinance continued to permit on-premise signs, although it restricted such signs to advertising the use of the property upon which they were located.

Plaintiffs then filed the instant lawsuit requesting that the court declare the amended ordinance unconstitutional. Plaintiffs promptly moved for summary judgment. Relying on *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981), they argued that by permitting only those billboards that advertised products or services offered on the premises, the amended ordinance unconstitutionally favored commercial speech over noncommercial speech.[1]

After filing its Answer, defendant initiated a further amendment to the sign ordinance. This amendment, which passed on April 14, 1990, provides that any permissible on-premise sign "may contain, in lieu of any other message or copy, any lawful non-commercial message." Defendant then filed its Cross Motion for Summary Judgment, arguing that the second amendment cured any constitutional defect that the sign ordinance may have had. Plaintiffs disagree, contending that the ordinance continues to violate the first and fourteenth amendments.

## ANALYSIS

Plaintiffs argue that the ordinance is unconstitutional for three reasons: (1) it impermissibly restrains commercial speech; (2) it still prefers commercial speech over noncommercial speech; and (3) it impermissibly regulates noncommercial speech. Because the court agrees with plaintiffs' first argument, it need not address the second two.

Plaintiffs contend that the ordinance's ban of off-premise, commercial billboards is an unconstitutional restraint on commercial speech. In *Central Hudson Gas & Electric Co. v. Public Service Commission*, 447 U.S. 557, 566, 100 S.Ct. 2343, 2351, 65 L.Ed.2d 341 (1980), the Supreme Court established a four-part test for determining the validity of governmental regulation of

---

1. In *Metromedia,* the Supreme Court struck down an ordinance that permitted only on-premise signs. The court found that the ordinance wrongfully favored commercial over noncommercial speech because it prohibited otherwise lawful on-premise signs from carrying noncommercial messages. "Insofar as the city tolerates billboards at all, it cannot choose to limit their content to commercial messages; the city may not conclude that the communication of commercial information concerning goods and services connected with a particular site is of greater value than the communication of noncommercial messages." 453 U.S. at 512, 101 S.Ct. at 2895.

commercial speech. The *Metromedia* court summarized that test as follows:

> (1) The First Amendment protects commercial speech only if that speech concerns lawful activity and is not misleading. A restriction on otherwise protected commercial speech is valid only if it (2) seeks to implement a substantial governmental interest, (3) directly advances that interest, and (4) reaches no further than necessary to accomplish the given objective.

453 U.S. at 507, 101 S.Ct. at 2892. Defendant does not contend that plaintiffs' signs would concern unlawful activity or would be misleading. The ordinance must therefore satisfy the remaining three parts of the *Central Hudson* test.

The court need not address whether the ordinance satisfies the third and fourth parts of the test because, as plaintiffs correctly argue, it fails to satisfy the second. The ordinance itself gives no indication of the governmental interest[s] it seeks to advance. Moreover, defendant has introduced no extrinsic evidence indicating that it actually intended to advance any governmental interest when it passed the ordinance. Instead, defendant repeatedly asserts that esthetics and traffic safety are substantial governmental interests that are well-served by a ban on off-premise billboards.

Defendant is, of course, correct that substantial governmental interests exist in promoting both esthetics and traffic safety. *See Metromedia,* 453 U.S. at 507–08, 101 S.Ct. at 2892–93. The fact that these interests are legitimate, however, does not permit the court to assume, in the absence of any positive evidence, that defendant actually sought to advance them by restricting constitutionally protected speech. The Eleventh Circuit reached this same conclusion in *Dills v. City of Marietta,* 674 F.2d 1377 (11th Cir.1982), *cert. denied,* 461 U.S. 905, 103 S.Ct. 1873, 76 L.Ed.2d 806 (1983). In that case, the defendant municipality argued that its ordinance restricting the use of portable signs was intended to promote esthetics. Like the current defendant, the city of Marietta offered no evidence that it actually considered esthetics when it passed its ordinance. The court held that because "such measures must be defended only on the basis of considerations actually contributing to their enactment, ... [w]e ... decline to accept counsel's mere incantation of esthetics as a proper state purpose in evaluating the challenged provisions." *Id.* at 1381 (citations omitted). *See also National Advertising Co. v. Town of Babylon,* 900 F.2d 551, 555 (2d Cir.1990) ("Even though one might assume that the towns were interested in traffic safety or aesthetics, the ordinances include no such statement of purpose.... We have been unable to find any case where a court has taken judicial notice of an unstated and unexplained legislative purpose for an ordinance that restricts speech."); *Rhodes v. Gwinnett County,* 557 F.Supp. 30, 33 & n. 7 (N.D.Ga.1982) (Shoob, J.) (following *Dills*). Like the Eleventh Circuit, this court cannot permit defendant to justify its restriction of protected speech with after the fact invocations of esthetics and traffic safety. Absent any evidence that these concerns actually contributed to the passage of defendant's ordinance, the court finds that it fails to satisfy the second part of the *Central Hudson* test and must be declared unconstitutional.

## CONCLUSION

The court GRANTS plaintiffs' Motion for Summary Judgment and strikes the amended Fulton County sign ordinance as unconstitutional. The court DENIES defendant's Cross Motion for Summary Judgment. Plaintiffs may attempt to recover expenses and attorney's fees by filing the appropriate motions.

So ORDERED.